Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| SUNRISE ELDERLY LIMITED PARTNERSHIP, S.E.<br><br>Apelante<br><br>v.<br><br>174 FLAMBOYANES, LLC Y OTROS<br><br>Apelados | TA2025AP00462 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV05264<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de octubre de 2025.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada

sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Dicho esto, si una parte está insatisfecha con la sentencia emitida por el Tribunal de Primera Instancia, ésta tendrá treinta (30) días jurisdiccionales para apelar ante el Tribunal de Apelaciones, contados desde el archivo en autos de copia de la notificación de la sentencia. Regla 52.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 13 del Tribunal de Apelaciones, *supra*. Este término podrá interrumpirse con la presentación de una solicitud de reconsideración ante el Tribunal de Primera Instancia y, en efecto, dicho término comenzará a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Regla 47 de Procedimiento Civil, *supra*.

Tal moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse. Íd. Si el foro primario acoge la moción y emite una nueva determinación que es sustancialmente distinta a la original, cualquiera de las partes del pleito puede solicitar que se reconsidere el nuevo dictamen. *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330 (2018). No obstante, para que la nueva solicitud de reconsideración interrumpa el término estricto de treinta (30) días para recurrir al foro apelativo, la moción debe indicar cuáles son las alteraciones sustanciales cuya reconsideración se solicita

por primera vez. Íd. Véase, también, Regla 52.2 de Procedimiento Civil, *supra*.

En el presente caso, la parte apelante recurrió ante este Tribunal tardíamente. Del expediente se desprende que la solicitud de reconsideración del 23 de septiembre de 2024 recurrió de la *Sentencia* del 14 de mayo de 2024, enfocándose en los fundamentos expuestos en dicho dictamen. El Tribunal apelado resolvió sin lugar tal solicitud el 16 de octubre de 2024, pero esta *Resolución* no fue notificada a todas las partes del pleito según requiere la ley. A razón de ello, el 5 de diciembre de 2024 el Tribunal apelado ordenó a Secretaría a notificar la *Resolución* a todas las partes y subir al expediente electrónico las notificaciones.

A pesar de esta instrucción, el 13 de enero de 2025 la parte apelante presentó una *Nueva moción urgente para que se notifique Orden, Resolución o Sentencia* y el 21 de marzo de 2025 una *Nueva moción urgente para que se notifique Orden, Resolución o Sentencia en cumplimiento con las Reglas 63.5 de Procedimiento Civil y 24 (E) de las de Administración del TPI y para que se incorpore Moción y Orden a SUMAC*. Ambas mociones se enfocaron en la Orden del 5 de diciembre de 2024 y la omisión de notificar a todas las partes la *Resolución* del 16 de octubre de 2024. Ante la insistencia del Tribunal apelado de que todas las partes fueron notificadas, la apelante solicitó reconsideración, frente a la cual el 11 de junio de 2025—notificada el 16 de junio de 2025—el Tribunal de Primera Instancia resolvió ha lugar y ordenó a Secretaría notificar dentro de quince (15) días la *Resolución* del 16 de octubre de 2024 a todas las partes.

Así las cosas, el 20 de junio de 2025 se registró las notificaciones enmendadas sobre la Resolución del 16 de octubre de 2024, muchas de las cuales fueron devueltas entre el 25 de junio de 2025 y el 3 de julio de 2025. No obstante, el 17 de julio de 2025, la apelante presentó una *Moción urgente para que se cumpla la Orden emitida por este Honorable Tribunal en SUMAC #33* [sic], la solicitud de reconsideración del 12 de septiembre de 2025 proviene de la *Moción urgente para que se cumpla la Orden emitida por este Honorable Tribunal en SUMAC #33* [sic]—refiriéndose a la *Orden* del 11 de junio de 2025, y admitiendo que todas las partes fueron notificadas de la *Sentencia* del 14 de mayo de 2024. Luego de presentar un suplemento a esta última moción, el 28 de agosto de 2025, el Tribunal apelado emitió una *Orden* en la cual adujo que Secretaría notificó simultáneamente a todas las partes, por lo cual resolvió sin lugar a la moción urgente y su suplemento.

Ahora bien, a pesar de la apelante solicitar reconsideración el 12 de septiembre de 2025, debemos enfatizar que es a partir de la *Orden* del 28 de agosto de 2025 que comenzó el término de treinta (30) días para recurrir ante este Tribunal. Esto porque ya que a este punto del procedimiento judicial las varias mociones y solicitudes de reconsideración no tratan de la *Sentencia*—de la cual la apelante recurre—sino de la *Resolución* del 16 de octubre de 2024. Dicha *Resolución* fue notificada el 20 de junio de 2025, según explica el Tribunal apelado y su Secretaría. Por tanto, carecemos de la jurisdicción para atender el recurso en sus méritos.

Por los fundamentos expuestos, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones